Karin M. Gunter, Esquire
PA Id No. 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 1905                                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                       PHILLIP S. LANGFORD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP S. LANGFORD,
    Plaintiff                                    Civil Action No: 18-cv-4330

v.
                                                JURY TRIAL DEMANDED

LIBERTY COCA-COLA BEVERAGES, LLC
And COCA-COLA REFRESHMENTS USA, INC,
    Defendants.

## AMENDED COMPLAINT

### Preliminary Statement

This action is brought by an employee against his employer for discrimination based on race in violation of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. §1981 ("Section 1981") for violation of his rights.

Plaintiff seeks front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs, injunctive relief and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1. Original jurisdiction over Plaintiff's federal question claims is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue lies in this district by 28 U.S.C. § 1391(b) and (c) in that all actions complained of occurred and Defendant resides in this district.

### Parties

3. Plaintiff PHILLIP S. LANGFORD ("Plaintiff" or "Langford") is an adult person and a

citizen of the United States. Plaintiff resides in Philadelphia, Pennsylvania. At all times relevant to this action, Plaintiff was employed by Defendant Liberty Coca-Cola Beverages ("Liberty Coke").

4. Defendant LIBERTY COCA-COLA BEVERAGES, LLC ("Liberty") is a beverage producer and distributor. It is headquartered and has a principal place of business at 725 E. Erie Avenue, Philadelphia, PA 19134 with more than 500 employees, and was incorporated in the Commonwealth of Pennsylvania on or about September 2017.

5. Defendant COCA-COLA REFRESHMENTS USA, INC ("CCR") is a beverage company that produces, distributes and markets canned and bottled non-alcoholic liquid beverages in North America with more than 70,000 employees. It is headquartered at 2500 Windy Ridge Parkway, Atlanta, GA 30339.

6. On or about October 28, 2017, Liberty Coke acquired the New York Tri-State Metro area from CCR, which includes the Philadelphia, PA area.

### Factual Allegations

7. Plaintiff is an African American male.

8. Plaintiff is a member of Brewery & Beer Distributor Drivers, Helpers & Platform Men, Local No. 830 ("Local 830").

9. As a Local 830 member, Plaintiff is covered by the Collective Bargaining Agreement between Coca-Cola Refreshments, USA Inc. and Teamsters Local 830 ("CBA").

10. Defendant CCR hired Langford on or about March 2011 as a Warehouseman.

11. During the week of December 23, 2016, John Martorano (Caucasian male)("Martorano") worked for CCR as a blowmold operator.

12. During the week of December 23, 2016 and after his 30 day probation period, Martorano walked away from his position of blowmold operation (job abandonment).

13. Thereafter, CCR tried to take Martorano's seniority away from him.

14. However, Martorano keep his seniority and was able to return to his former

position in Employer's Production department.

15. On or about March 2017, Plaintiff applied for the position of Blowmold Operator at CCRt.

16. Based on CCR's policies, Plaintiff had a 30 day probation period in which he could stay in the Blowmold department or return back to his old position in the Warehouse department.

17. Eddie Doyle (Caucasian male)("Doyle") was Plaintiff's immediate supervisor in the Blowmold department.

18. Doyle failed to properly train Plaintiff once he started work in the Blowmold department, which was short staffed at the time Plaintiff began working there.

19. In late March 2017 or early April 2017, an incident occurred with the blowmold machine while Plaintiff was operating it.

20. On or about April 2017, Plaintiff received a disciplinary write up from Dennis Venener (Caucasian male)("Venener") and Doyle for damage to a blowmold machine.

21. Venener is manager of both the Blowmold and Production Departments.

22. Thereafter, Doyle continued to fail to properly train Plaintiff regarding proper operation of the blowmold machine

23. On or about June 13, 2017, another incident occurred with the machine while Plaintiff was operating it

24. Instead of losing his job with CCR, on or about June 17, 2017, Plaintiff transferred back to his old position as a warehouseman.

25. At that time, Plaintiff lost his seniority and was put back on probation in the Warehouse department.

26. It is against company policies and practices to impose two probationary periods on a worker.

27. Plaintiff filed a grievance with CCR regarding loss of seniority, double probations

and lack of proper training in the Blowmold department on or about July 2017.

28. After a hearing on the grievance, CCR denied the grievance, that is, denied restoring Plaintiff's seniority and denied vacating one of the probationary periods.

29. During the week of June 25, 2018, Felix Lapushner (Caucasian male)("Lapuchner") was a warehouseman.

30. During the week of June 25, 2018, Lapushner had two no call/no shows while working for Employer as a warehouseman.

31. Liberty Coke fired Lapushner since, according to its policies and practices, two no call/no show is an automatic termination.

32. However, two days after Liberty Coke fired Lapushner, it reversed its decision, rehired Lapushner and gave him a suspension of 45 days. However, he did not loss his seniority.

33. According to Liberty Coke practices and policies, Lapushner should have lost his seniority.

## COUNT I

### Race Discrimination – Disparate Treatment
### (Mixed Motive)

34. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, supra.

35. Plaintiff is a member of a protected class.

36. Plaintiff is a member of Local 830 and is covered under the CBA.

37. Plaintiff suffered adverse employment actions when Defendants failed to properly train him on operation of the blowmold machine, wrote him up for damage to the blowmold machine, placed him on probation in the Warehouse department and took away his seniority, inter alia.

38. Defendants treated other similarly situated non-protected class employees

differently from Plaintiff, specifically Martorano.

39. Plaintiff avers race was a motivating factor in Defendants' decision to treat him differently from non-protected class members.

40. Defendant Employers is vicariously liable via *respondeat superior* for the actions of Venener and Doyle, *inter alia*.

41. Plaintiff avers Defendant Employers continue to intentionally discriminate him and other protected class members based on race.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendants CCR and/or Liberty Coke in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

## COUNT II

### Race Discrimination – Disparate Treatment
### (Pretext)

42. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra*.

43. Plaintiff suffered adverse employment actions when Defendants failed to properly train him regarding operation of the blowmold machine, wrote him up for damage to the blowmold machine, placed him on probation in the Warehouse department and took away his seniority, *inter alia*.

44. Defendants treated other similarly situated non-protected class employees differently from Plaintiff, specifically Martorano.

45. Plaintiff avers race was a determinative factor in Employers' decisions to treat him differently from non-protected class members.

46. Defendant Employers are vicariously liable via *respondeat superior* for the actions of Venener and Doyle, *inter alia*.

47. Plaintiff avers Defendant Employers' alleged reasons for failing to properly train him on operation of the blowmold machine, writing him up for damage to the blowmold machine, placing him on probation while back in Warehouse department and taking away his seniority are pretext for discrimination.

48. Plaintiff avers Defendant Employers continue to intentionally discriminate him and other protected class members based on race.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant CCR and/or Liberty Coke in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**Respectfully submitted:**

**LAW OFFICE OF KARIN M. GUNTER**

/s/ KMG3354
Karin M. Gunter, Esquire